Case 1:09-cv-01824-MHS Document 15 Filed 08/06/10 Page 1 of 15

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 06 2010

JAMES N. HATTEN, Clerk
By J. Reed, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD PHILSON, | :: | CIVIL ACTION NO. |
| BOP Reg. # 25286-056, | :: | 1:09-CV-01824-MHS |
|     Plaintiff, | :: | |
| | :: | |
| v. | :: | FEDERAL TORT CLAIM |
| | :: | 28 U.S.C. § 1346 |
| UNITED STATES OF AMERICA, | :: | |
| FEDERAL BUREAU OF PRISONS, | :: | |
| HARLEY LAPPIN, | :: | PRISONER CIVIL RIGHTS |
| Director of the Fed'l Bureau of Prisons, | :: | 28 U.S.C. § 1331 |
| MICHAEL MUKASEY, | :: | |
| former U.S. Attorney General, | :: | |
| L. GRAYER, | :: | |
| Warden, U. S. Penitentiary at Atlanta, | :: | |
| Ga. (a/k/a FCI-Atlanta), | :: | |
| KENNETH E. WILLIAMS, | :: | |
| S.O.S., FCI-Atlanta, | :: | |
| JOHN and JANE DOES I thru XXV, | :: | |
| who are either officials of, agents of, or | :: | |
| employees of the Fed'l Bureau of | :: | |
| Prisons and/or of the U.S. Penitentiary | :: | |
| at Atlanta, Ga., | :: | |
|     Defendants. | :: | |

## ORDER AND OPINION

Plaintiff, Charles Edward Philson, a federal prisoner, has submitted this *pro se* action, seeking relief under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671-80 ("FTCA"), and under Bivens v. Six Unknown Fed. Narcotics Agents, 403

U.S. 388 (1971). Philson has paid the filing fee in full. The matter is now before the Court for an initial screening.

I.   **The Legal Framework**

   A.   **28 U.S.C. § 1915A Review**

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" – for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint

2

"must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, _ U.S. _, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted); Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

### B.    FTCA Cause of Action

The United States is the only permissible defendant in an FTCA action. See 28 U.S.C. § 2679(b)(1) (stating that the FTCA remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"); United States v. Smith, 499 U.S. 160, 166-67 & n.9 (1991) (noting that § 2679(b)(2) provides two exceptions to the exclusive remedy provision, allowing injured plaintiffs to obtain "remedy for torts committed by Government employees in

the scope of their employment" under <u>Bivens</u> or "under a federal statute that authorizes recovery against a Government employee"). Therefore, a plaintiff may proceed against the United States, as the sole permissible defendant under the FTCA, and against a federal employee, under <u>Bivens</u>, and he may do so in the same civil action. See <u>Denson v. United States</u>, 574 F.3d 1318, 1336 *et seq.* (11th Cir. 2009) (noting that, "[a]s co-extensive causes of action, <u>Bivens</u> and FTCA claims necessarily arise from the same wrongful acts or omissions of a government official," and analyzing viability of both sets of claims) (quoting <u>Carlson v. Green</u>, 446 U.S. 14, 20 (1980), for proposition that "plaintiffs, '[i]n the absence of a contrary expression from Congress, . . . shall have an action under FTCA against the United States as well as a <u>Bivens</u> action against the individual officials alleged to have infringed their constitutional rights'").

"It is well settled that sovereign immunity bars suits against the United States except to the extent that it consents to be sued." <u>Means v. United States</u>, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA provides a "limited waiver" of this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" JBP

4

Acquisitions, L.P. v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)). FTCA liability attaches "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

A district court may not entertain an FTCA action "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing," although an agency's failure "to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim." 28 U.S.C. § 2675(a). The claim must be presented to the agency within two years of its date of accrual and to the district court within six months of the agency's mailing the notice of final denial of the claim. 28 U.S.C. § 2401(b).

### C. Bivens Cause of Action

To state a claim for relief under Bivens, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution of the United States. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the

claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support alleged constitutional violation). See also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (noting that "as a general matter federal courts incorporate § 1983 law into *Bivens* actions").

## II.   The Complaint

Philson alleges in his complaint that "the defendants, individually, jointly, and in collusion with each other and with others unknown to [him], and by virtue of acts and/or omissions by each of them, individually, jointly, or otherwise in collusion with each other . . . caused [him] to suffer conditions of confinement that were life threatening, injurious to him both physically and mentally, that were cruel and unusual, and that were deliberately indifferent to [his] constitutionally secured rights." Philson further alleges that he suffered "extreme amounts of stress, distress, anxiety, distrust, trauma, fear, and mental anguish, as well as physical injuries," arising from "acts of gross negligence and/or deliberate indifference . . . causing [him] to be assaulted by a fellow prisoner who had assaulted him with brute and deadly force in the past, [although the defendants] had knowledge of the past assault . . . and were under instruction, either from supervisory authority(ies) and/or policies, regulations,

and/or procedural rules, to keep [Philson] and said other prisoner separated and apart." (Compl., Doc. 1 ¶¶ 3-6.) Philson seeks declaratory relief and monetary damages. (Id. ¶¶ 8-11.)

Specifically, Philson alleges that on or about December 28, 2007, while he was confined at the federal correctional institution at Edgefield (FCI-Edgefield), he "was physically assaulted, with deadly force, by another inmate [("the other inmate")] who was wielding a homemade knife." (Id. ¶ 22.) After this stabbing incident, Bureau of Prisons ("BOP") officials entered "a separation order to keep [Philson] and the other inmate separated." (Id. ¶ 26.) Philson was ordered transferred from FCI-Edgefield to FCI-Memphis, and "was placed in holdover status" at FCI-Atlanta on April 8, 2008, at which time Counselor Davis told him that a Central Inmate Monitoring Services ("CIMS") "designation had been placed with respect to [Philson] and the other inmate that would keep them apart," although the other inmate "would be coming through holdover" at FCI-Atlanta also. Davis assured Philson that FCI-Atlanta staff "had been instructed to insure that [he] and the other inmate be kept separated and inaccessible to each other." (Id. ¶¶ 27-28.) On or about April 10, Philson was placed in a holdover area at FCI-Atlanta, and a few minutes later, Officer Williams and other BOP personnel brought the other inmate into the same cell with Philson, at which point an

7

altercation immediately ensued. Philson alleges that the other inmate assaulted him, causing injuries that required stitches to his face and stitches and a cast for his hand. Philson also was checked for internal bleeding. (Id. ¶ 30.)

Philson sets forth six counts: (1) Defendants violated their duty to exercise care in securing his safety; (2) Defendants were deliberately indifferent to "serious inmate-on-inmate assaults" at FCI-Atlanta and other BOP facilities; (3)-(4) Defendants were negligent when they allowed the other inmate physical access to Philson after he previously had attacked Philson with deadly force; (5) Defendants Mukasey, Lappin, and Grayer "knew, or should have known, that [BOP] staff were incompetent and unfit" to protect Philson and "that there was a flaw in the security system" that allowed Philson and the other inmate "to be placed in the same locations with each other," because BOP officials "were too lazy and/or unwilling to fully engage in an [effective] inmate monitoring system"; and (6) "Defendants carelessly, recklessly, negligently, and unjustly caused [Philson] to suffer" injury. (Id. ¶¶ 46-51.)

### III. Discussion

#### A. Bivens Claims

In order to prevail under Bivens, Philson must show that the individual Defendants were deliberately indifferent to his safety and security at FCI-Atlanta.

8

However, by Philson's own admission, FCI-Atlanta staff in particular, and BOP staff in general, intended to keep Philson and the other inmate separated, which, ostensibly, was the reason for their transfers to separate federal facilities after their initial altercation at FCI-Edgefield. At most, the failure of BOP officials to separate Philson and the other inmate for a brief period at FCI-Atlanta constituted negligence, which is insufficient to maintain a Bivens cause of action. As the Tenth Circuit stated in Belcher v. United States, 216 F. App'x 821 (10th Cir. 2007):

> The Eighth Amendment imposes upon prison officials a duty to protect inmates from violence at the hands of other inmates. Farmer v. Brennan, 511 U.S. 825, 833 (1994). Liability on a failure-to-protect claim arises when the plaintiff was incarcerated under conditions posing a substantial risk of serious harm (the objective component of the claim), and the defendant prison officials were deliberately indifferent to the plaintiff's safety (the subjective component of the claim). Verdecia v. Adams, 327 F.3d 1171, 1175 (10th Cir. 2003). "*Mere negligence does not constitute deliberate indifference; deliberate indifference is equivalent to recklessness in this context.*" Smith v. Cummings, 445 F.3d 1254, 1258 (10th Cir. 2006).

Id. at 822-24 (emphasis added) (on appellant prisoner's claim that prison officials were deliberately indifferent to fellow prisoners' threats against him, affirming summary judgment to those officials, including to prison investigator who, after brief investigation, discarded inmate request form from appellant regarding potential threat to his safety). See Smith, 445 F.3d at 1259 (stating that prison officials' taking

9

immediate "steps to protect" appellant prisoner from perceived threat of inmate-on-inmate harm, by transferring him to different prison, was evidence that they were not deliberately indifferent to appellant's safety). Because Philson has no Bivens claim for deliberate indifference, all of the individual defendants are due to be dismissed from this action, leaving only Philson's FTCA claims against the United States.

B.   **FTCA Claims**

It appears that Philson has satisfied the administrative prerequisites to filing this FTCA action. (See Compl. Attachs.) As noted above, the FTCA provides a "limited waiver" of the United States's sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" JBP Acquisitions, L.P., 224 F.3d at 1263 (quoting 28 U.S.C. § 1346(b)(1)). However, the discretionary function exception to the FTCA's limited waiver of liability provides that 28 U.S.C. § 1346 does not apply to a claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "[T]he purpose of the exception is to prevent judicial

second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort[. Therefore,] when properly construed, the exception protects . . . governmental actions and decisions based on considerations of public policy." United States v. Gaubert, 499 U.S. 315, 323 (1991) (internal quotations omitted).

> Where Congress has delegated the authority to an independent agency or to the Executive Branch to implement the general provisions of a regulatory statute and to issue regulations to that end, there is no doubt that planning-level decisions establishing programs are protected by the discretionary function exception, as is the promulgation of regulations by which the agencies are to carry out the programs. In addition, the actions of Government agents involving the necessary element of choice and grounded in the social, economic, or political goals of the statute and regulations are protected.

Id.

A two-part test is used to determine whether the United States is immune from liability under the discretionary function exception: (1) "whether the [federal employee's] conduct involves an element of judgment or choice, which will be the case unless a federal statute, regulation, or policy specifically prescribes a course of action embodying a fixed or readily ascertainable standard";[1] and (2) "whether the

---

[1] 18 U.S.C. § 4042(a)(2)-(3) requires the BOP to "provide suitable quarters and provide for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States," and to "provide for the protection . . .

11

judgment or choice is grounded in considerations of public policy," an inquiry that focuses not "on whether the agent actually weighed policy considerations, but on the nature of the actions taken and on whether they are susceptible to policy analysis." Nguyen v. United States, 556 F.3d 1244, 1250 n.2 (11th Cir. 2009) (citing Gaubert). In short, if a federal employee's choice is not prohibited by a federal statute, regulation, or policy, and is grounded in considerations of public policy, that policy choice is excepted from the FTCA's limited waiver of sovereign immunity because it constitutes a discretionary function.

In Cohen v. United States, 151 F.3d 1338, 1339 (11th Cir. 1999), a federal prisoner who "was injured when he was attacked by another prisoner. . . . sued the United States under the [FTCA] asserting that the [BOP] had negligently assigned his attacker to a minimum security prison." The Eleventh Circuit "conclude[d] that the BOP's actions in classifying prisoners and placing them in institutions involve conduct or decisions that meet both prerequisites for application of the discretionary function exception." Id. at 1344. The court stated:

> Where Congress has granted an agency discretion in implementing a regulatory statute, the agency's promulgation of regulations or guidelines describing how it will use that discretion is protected by the discretionary

---

of all [such] persons."

> function exception. Furthermore, if the regulation or guideline mandates particular conduct, and the [agency's] employee obeys the direction, the Government will be protected [by the discretionary function exception] because the action will be deemed in furtherance of the policies which led to the promulgation of the regulation [or guideline]. On the other hand, if the employee violates the mandatory regulation [or guideline], there will be no shelter from liability because there is no room for choice and the action will be contrary to policy.

Id. at 1334-45 (citations and internal quotations omitted) (reversing district court's grant of relief under FTCA because that court erred in concluding that "BOP personnel failed to follow the guidelines in [BOP's controlling] Program Statement when they filled out . . . security designation form" for prisoner who attacked appellant).

## IV. Disposition of Claims

Accordingly, the only issue remaining here is whether BOP personnel at FCI-Atlanta violated a mandatory BOP regulation, guideline, or policy when they placed Philson and "the other inmate" together in a holding cell. The Court is unable to conclude at this time that Philson has not alleged a viable FTCA cause of action arising from these circumstances. Accordingly, Philson's FTCA claims are **ALLOWED TO PROCEED** against the United States. However, because Philson

13

has failed to state a viable cause of action under Bivens, all of the named and unnamed individual Defendants are **DISMISSED** from this action.

## V. Service of Process and Related Matters

The Clerk **SHALL** send Philson a USM 285 form and summons for the United States Attorney General and for the United States Attorney for the Northern District of Georgia. Philson **SHALL** complete each USM 285 form and summons and return the forms to the Clerk of Court within twenty (20) days of the entry date of this Order. Philson is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk **SHALL** resubmit this action to the Court if Philson fails to comply.

Upon receipt of the forms, the Clerk **SHALL** prepare and transmit to the U.S. Marshal's Service the two service packages, as described in Fed. R. Civ. P. 4(i)(1).[2] Each service package must include the USM 285 form and a copy of the summons and

---

[2] "To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office"; and also "(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1).

14

of the complaint. Upon receipt of the service packages, the U.S. Marshal's Service **SHALL** serve the United States as provided in Rule 4(i)(1). Each completed USM 285 form **SHALL** be filed with the Clerk.

Philson **SHALL** serve upon Defendant or Defendant's counsel a copy of every additional pleading or other document that is filed with the Clerk of Court. Each pleading or other document filed with the Clerk **SHALL** include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or Defendant's counsel. This Court will disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Philson also **SHALL** keep the Court and Defendant advised of his current address at all times during the pendency of this action. Philson is admonished that the failure to do so may result in the dismissal of this action.

Philson's motion for service of process [3] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this _5_ day of _Aug_, 2010.

_____
MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)